IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TED ARTHUR KING,

    Petitioner,

vs.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

    Respondents.

No. 2:12-cv-01228 DAD P

ORDER

---

    Petitioner is a former prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's original application for federal habeas relief was filed on May 8, 2012, using a form habeas petition, along with an application to proceed in forma pauperis. On August 3, 2012, petitioner filed a document with the court which he entitled "Unlawful conviction of Dissuading of Witness with threat of force. P.C. 136.1(c)(1)" and which the Clerk of Court docketed as a first amended petition. (See Doc. No. 5.) Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Doc. No. 4.)

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be

1

granted. See 28 U.S.C. § 1915(a).

The allegations of both petitioner's original application for federal habeas relief and those of his first amended petition are quite difficult to decipher. However, it appears from this court's review of those filings that petitioner is alleging as follows.[1] On April 15, 2010, in the Sacramento County Superior Court he was convicted of the following offenses: intimidation of a witness with force or threat in violation of California Penal Code § 136.1(c)(1)); battery in violation of California Penal Code § 242); and two counts of violating a protective order in violation of California Penal Code § 273.6. (Doc. No. 1 at 1.) Pursuant to those convictions, petitioner was sentenced to a term of four years in state prison, a consecutive term of one-hundred and twenty days in the county jail, and two concurrent one hundred twenty day county jail terms. (Id.)

Petitioner is no longer incarcerated,. However, he alleges that he continues to suffer a loss of liberty based upon the challenged convictions because he is required to submit to a urinalysis testing once a month by the "Sacramento Department of Corrections." (Doc. No. 5 at 11.) The court will assume for purposes of this order that petitioner remains under parole or probation supervision as a result of the challenged convictions and that he therefore satisfies the "in custody" requirement for maintaining a federal habeas action. See Jones v. Cunningham, 371 U.S. 236, 240 (1963) (holding that persons released from incarceration on parole are "in custody" under 28 U.S.C. § 2241); see also Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1989) ("Parole constitutes 'custody' for habeas corpus purposes."); Arketa v. Wilson, 373 F.2d 582, 583 (9th Cir. 1967) ("In California, a convict who is on probation is as much in custody as one who is on parole[.]")

/////

---

[1] The undersigned has also reviewed the unpublished decision of the California Court of Appeal for the Third Appellate District in which the challenged judgment of conviction was affirmed. See People v. King, No. C065155, 2011 W.L. 4477447 (Sept. 28, 2011).

In the pending federal habeas petition, petitioner advances the following three grounds for relief: (1) the trial court erred under California law in admitting the protective order into evidence rather than deeming it inadmissible hearsay; (2) the trial court erroneously took judicial notice of a protective order entered against him because it did not have any "res judicata" effect; and (3) the protective order which he was convicted of violating was "unlawful or invalid" under California law. (Doc. No. 1 at 5-8; Doc. No. 5.)[2]

The court is required to examine a petition for federal habeas corpus relief before requiring a response to it. See Rules 3 & 4, Rules Governing § 2254 Cases. "If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

Petitioner's only challenge to his judgment of conviction is based on alleged errors in the evidentiary rulings of the state court. In short, based solely on citation to California authority petitioner argues, as he did on direct appeal, that those evidentiary ruling were erroneous and that as a result his conviction was unlawful under state law. (See Doc. No. 1 at 2-3; Doc. No. 5 at 10.) However, a U.S. District Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). See also Rose v. Hodges, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief to respondents is a determination by the federal

---

[2] The undersigned notes that these are the same arguments raised by petitioner on appeal and rejected by the state appellate court. See People v. King, No. C065155, 2011 W.L. 4477447 (Sept. 28, 2011). It appears that petitioner here is essentially arguing that the state appellate court erred in its interpretation of the record and in the application of state law. (See Doc. No. 5 at 10-11.)

court that their custody violates the Constitution, laws, or treaties of the United States.")  Thus, a federal writ is not available for alleged error in the interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S. ___, ___, 131 S. Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).  Accordingly, "evidentiary rulings based on state law cannot form an independent basis for habeas relief."  Rhoades v. Henry, 638 F.3d 1027, 1034 n. 5 (9th Cir. 2011).  See also Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991).[3]

Because petitioner herein challenges only evidentiary rulings on state law grounds, this action will be summarily dismissed as it plainly appears from the face of the petitions that petitioner is not entitled to federal habeas relief pursuant to 28 U.S.C. § 2254.

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'"  Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).  For the reasons set forth above, the court declines to issue a certificate of appealability in this case.

---

[3] Even if petitioner had alleged a federal constitutional claim, which he has not, it would still be clear from the face of the petition that he is not entitled to federal habeas relief.  The Supreme Court has acknowledged a "traditional reluctance to impose constitutional restraints on ordinary evidentiary rulings by state trial courts."  Crane v. Kentucky, 476 U.S. 683, 689 (1986).  Accordingly, a state court's evidentiary ruling, even if erroneous, is grounds for federal habeas relief only if it renders the state proceedings so fundamentally unfair as to violate due process.  Estelle, 502 U.S. at 68-70.  Assuming arguendo that the state trial court erred in admitting evidence and that error violated petitioner's rights under the U.S. Constitution, in order to be entitled to federal habeas relief a petitioner must still show that the error "had a substantial and injurious effect or influence in determining the jury's verdict" and that he suffered actual prejudice, defined as a "reasonable probability" that the jury would have reached a different result but for the error.  Clark v. Brown, 450 F.3d 898, 916 (9th Cir. 2006) (citing Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).  See also Fry v. Pliler, 551 U.S. 112, 121-22 (2007) (in § 2254 habeas proceeding, the federal court must assess the prejudicial impact of constitutional error under Brecht "substantial and injurious effect" standard).  Petitioner has failed to make any allegation in support of such a showing here.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's May 8, 2012 application to proceed in forma pauperis (Doc. No. 2) is granted;

2. The petition for a writ of habeas corpus and amended or supplemental petition filed May 8, 2012 and August 3, 2012 (Doc. Nos. 1 & 5), are summarily dismissed;

3. A certificate of appealability shall not issue; and

4. This action is closed.

DATED: March 27, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
king1228.summdism

5